```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | | |
|---|---|---|
| RICHARD LESLIE DOCKUM, | § | |
| TDCJ-CID #1238312, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2212 |
| | § | |
| JOHN BOONE, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Richard Leslie Dockum, a Texas prisoner, has filed a civil rights complaint against Harris County Assistant District Attorney John Boone and Dockum's former defense attorney, William J. Dedrick III.  This prisoner action will be dismissed under 28 U.S.C. § 1915(e) because it is frivolous.

### I. Allegations

Dockum alleges that on December 26, 2003, he retained Dedrick to serve as his counsel against charges of falsifying a statement to obtain a line of credit.  Dockum alleges that during the five-month period before trial Dedrick assured him and his family that a deal would be arranged so that the charges would be reduced and Dockum would only have to serve a probated sentence.  However, on May 3, 2004, Dedrick and Boone allegedly coerced Dockum into pleading guilty to the original charge.  Dockum asserts that he agreed to a fifteen-year sentence only after being threatened with

a thirty-five year sentence if he refused to plead guilty that very day.

Dockum alleges that he filed a motion to withdraw the guilty plea on May 6, 2004, and a second one on June 2, 2004.  However, the court did not respond to the motions.  Dockum argues that the defendants acted under color of law because they were officers of the court during the incident.  He further contends that the defendants engaged in legal malpractice, denied him due process of law, subjected him to malicious prosecution, and caused him to be wrongfully incarcerated.

Dockum seeks the following monetary damages:   $200,000.00 jointly and severally against the defendants for denial of due process and cruel and unusual punishment; $975,000.00 jointly and severally against the defendants for wrongful conviction, loss of income, mental anguish, mental cruelty, and legal malpractice; and $250,000.00 against Boone for malicious prosecution.

## II.  Analysis

The named defendants are immune from liability for monetary damages.  Boone cannot be held liable because state prosecutors enjoy absolute immunity for their actions made in accordance with their duties and responsibilities.  Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997).  Dockum cannot assert a civil rights claim against Dedrick because his former defense counsel was not a state actor.  Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), citing

Polk County v. Dodson, 102 S.Ct. 445, 453-54 (1981); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988).

Dockum's claims are also dismissible because they are an improper challenge to the validity of a state court criminal conviction. Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996); Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir. 1995), citing Heck v. Humphrey, 114 S.Ct. 2364, 2374 (1994). A suit for damages under section 1983 must be dismissed when the plaintiff is attacking the validity of his conviction and has not shown that the conviction has been reversed or overturned. Heck, 114 S.Ct. at 2372. Dockum does not allege that the state court judgment has been declared invalid in an appropriate proceeding. Therefore, this action has no legal basis under Heck. Boyd v. Biggers, 31 F.3d 279, 282 n.2 (5th Cir. 1994).

Dockum has filed this action as a pauper. Under the provisions of 28 U.S.C. § 1915(e), the district courts are authorized to dismiss in forma pauperis complaints if they are frivolous. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). This complaint will be dismissed as frivolous.

### III.  Application to Proceed In Forma Pauperis

Dockum's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**. However, Dockum is obligated to pay the

entire filing fee ($250.00) under 28 U.S.C. § 1915(b). The Inmate Trust Fund of the Texas Department of Criminal Justice shall deduct $6.00 from Dockum's account and forward the money to the Clerk of this court. Thereafter, the Inmate Trust Fund shall deduct 20% of each deposit made to Dockum's account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

### IV.  Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3. The Complaint, filed by Inmate Richard Leslie Dockum, TDCJ-CID #1238312, (Docket Entry No. 1) is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 22nd day of August, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE